Case 4:13-cr-00072-RAJ-DEM   Document 331   Filed 12/19/23   Page 1 of 5 PageID# 5394



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MUSTAFAH KALIL MUHAMMAD,

    Petitioner,

v.                                                      Criminal No. 4:13-CR-072

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Mustafah Kalil Muhammad's ("Petitioner") *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 309. Petitioner also filed a Motion for Compassionate Release through counsel.[1] ECF. No. 321 ("Pet'r's Mot."). The Government opposed the Motion. ECF No. 326 ("Resp. Opp."). Petitioner replied and submitted additional information in support of his Motion. ECF No. 328 ("Pet'r's Reply"). The Government filed Petitioner's medical records. ECF No. 330 ("Gov't's Ex."). This matter is now ripe for judicial determination. For the reasons below, Petitioner's Motion is **DISMISSED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On November 12, 2013, a Grand Jury in the Eastern District of Virginia indicted Petitioner on two counts: Count Eighteen charged Petitioner with Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; Count Nineteen charged Petitioner with Use of Firearm Resulting in Death, in violation of 18 U.S.C. §§ 924(c)(1) and (j) and 2. ECF No. 34. On April 14, 2014, Petitioner pled guilty to Count Nineteen. ECF Nos. 69, 70. On July 30, 2014, the Court sentenced Petitioner to 312 months imprisonment followed by five (5) years of

---

[1] Petitioner's pro se Motion is now moot. ECF No. 309.

1

supervised release. ECF No. 189. On July 12, 2023, Petitioner filed his pro se Motion for Compassionate Release. Petitioner also filed a Motion for Compassionate Release through counsel. The Government opposed the motions, and Petitioner replied.

According to his Presentence Investigation Report ("PSR"), the FBI's Safe Streets Peninsula Task Force began an investigation into members of the Thug Relations gang (the "Gang"). Present. Investig. Rep. ¶ 6, ECF No. 157 ("PSR"). The Gang engaged in acts of violence and narcotics distribution. *Id.* The Government compiled evidence of the Gang as an enterprise through testimony of cooperators and proof of Petitioner's membership from former members of the Gang. *Id.* A cooperator's testimony implicated Petitioner in the murder of Lloyd Robinson that occurred on January 8, 2010. *Id.* On September 19, 2012, Petitioner made statements to agents that implicated himself in the murder. *Id.* Also in the PSR, Petitioner did not report any physical issues but did report mental health issues, including post-traumatic disorder and personality disorder. *Id.* ¶¶ 47–50. Additionally, Petitioner did not report having substance abuse issues. *Id.* ¶¶ 51–57. The PSR assessed Petitioner with a total offense level of 40, a criminal history category of IV, and a recommended Guidelines sentence of 360 months to life on Count Nineteen. *Id.* ¶¶ 78–79. Petitioner is incarcerated at Butner FMC with a projected release date of January 14, 2026.[2]

On August 17, 2022, Petitioner alleges that he submitted a request for compassionate release to the Warden, and in October 2022, the Warden denied Petitioner's request. Pet'r's Mot. at. 5. However, the Bureau of Prisons ("BOP") has no record of Petitioner's request. Resp. Opp. at 6. On August 30, 2023, Petitioner alleges that he submitted his second request for compassionate release to the Warden. *Id.* at 6.

---

[2] *See* Federal Bureau of Prisons, "Find an Inmate," *BOP.gov*, https://www.bop.gov/inmateloc/ (last visited Dec. 11, 2023).

## II. LEGAL STANDARD

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the BOP bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### III. DISCUSSION

The Court finds that it lacks jurisdiction to rule on Petitioner's Motion because Petitioner has not satisfied the threshold requirement. A petitioner may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies before bringing a motion before the district court. *Id.* Here, Petitioner alleges that he submitted a request for compassionate release to the Warden at FCI Loretto on August 17, 2022. However, neither Petitioner nor his counsel provide any documentation to show that Petitioner met the threshold requirement. The Court finds that Petitioner has not provided enough information to satisfy the threshold requirements under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Marshall*, 2020 U.S. App. LEXIS 36134 at *5 (4th Cir. 2020) ("The requirements outlined in § 3582(c)(1)(A) are mandatory, non-jurisdictional claim-processing rules that must be followed."); *see also Muhammad*, 16 F.4th at 131. In short, Petitioner must provide proof from the BOP that he submitted a request for compassionate release at least 30 days before filing for relief in the U.S. District Court. Therefore, the Court does not have the authority to consider Petitioner's compassionate release request because he has not exhausted his administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, Petitioner fails to meet the threshold requirement. Thus, Petitioner's Motion for Compassionate Release is **DISMISSED**. ECF Nos. 309, 321.

The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
December 19, 2023

Raymond A. Jackson
United States District Judge